**STEWART v. ATCHISON, T. & S. F. RY. CO.**

No. 6429.

United States District Court
E. D. Missouri, E. D.
June 21, 1949.

Cox & Cox, St. Louis, Mo., and W. F. Smith, Oklahoma City, Okl., for plaintiff.

E. C. Hartman, of St. Louis, Mo., for defendant.

HULEN, District Judge.

Defendant moves to transfer this cause to the United States District Court for the District of Oklahoma. Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207, 10 A.L.R.2d 921; United States v. National City Lines, Inc., 337 U.S. 78, 69 S.Ct. 955, 93 L.Ed. 1226; Kilpatrick v. Texas & Pacific Railway Co., 337 U.S. 75, 69 S.Ct. 953, 93 L.Ed. 1223. The petition is for damages resulting from an accident at a street crossing over defendant's tracks in Oklahoma City, Oklahoma. There are many grounds of negligence, i.e., dangerous crossing without watchman; failure to discover approach of plaintiff; failure to give warning; failure to stop; excessive speed; failure to give signal in violation of ordinance; violation of custom. The answer consists of specific denials. The facts set forth in motion to transfer are sworn to by counsel for the defendant. There are no counter affidavits. The accident happened on March 3, 1948. Plaintiff is now a resident of the City of Oklahoma City. All the witnesses live in Oklahoma City. Plaintiff was treated in a hospital in Oklahoma City. Plaintiff's chief attorney is a resident and practicing lawyer in Oklahoma City. Trial of the case in the City of St. Louis will necessitate the bringing of witnesses from Oklahoma City to St. Louis, and this includes plaintiff's witnesses as well as those of the defendant. Service can be obtained upon the defendant in Oklahoma City. The United States District Court for the Western Judicial District of Oklahoma sits at Oklahoma City.

Plaintiff's opposition is based solely on the contention that since this case originated in the State Court and was removed to this Court, defendant "invoked" the jurisdiction of this court and cannot now successfully avail itself of Section 1404(a), 28 United States Code Annotated. We believe plaintiff's contention is met by the broad language of the Collett case. Plaintiff would have the Court interpret Section 1404(a) as excepting cases removed from the State Court to the Federal Court. In the Collett case the Court held that the language of Section 1404(a)— "any civil action"—is without qualification, without hint that some should be excluded.

Plaintiff also questions the record as showing that transfer of the case would be "in the interest of justice". By brief plaintiff asserts there were impelling considerations for choosing the City of St. Louis—"skillful and expert medical talent to examine, treat and advise him, a prompt and efficient court system to bring his law suit to a speedy and just determination, a fair-minded jury to pass upon the facts of his suit, removed and apart from local bias and prejudice." There is no showing that skillful medical talent, efficient court system, speedy and just determination of the case, and a fair-minded jury free from local bias cannot be obtained in the City of Oklahoma City. There has been no showing that a transfer of this case would not be in the interest of justice. We think to try the case where it originated, under the circumstances of this case, where the wit-

nesses as well as the plaintiff live, would better serve the interest of justice than a trial of this case in the City of St. Louis, 540 miles from its origin.

Findings.

Transfer of this case from this Court to the United States District Court for the Western Judicial District of Oklahoma, sitting in Oklahoma City, (1) is necessary for convenience of the parties and (2) of the witnesses, and (3) is in the interest of justice.